IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| J.T. JOHNSON JR., as father of next friend, of Janea Marie Johnson, a minor; and J.T. JOHNSON JR., Individually;<br><br>Plaintiffs,<br><br>vs.<br><br>JENNA R. FRIESEN,<br><br>Defendant. | **8:19CV322**<br><br><br>**ORDER** |

## BACKGROUND

There are multiple motions pending before the Court which all stem, in one way or another, from a dispute over whether Plaintiffs need to engage in discovery regarding Ms. Johnson's previous psychiatric treatment. On February 10, 2021, the Court held a telephone conference with counsel and directed Plaintiffs to respond to discovery regarding this issue. (Filing No. 48.) On May 20, 2021, the Court held another telephone conference and directed Plaintiffs to provide supplemental discovery responses regarding this issue. (Filing No. 59.) Plaintiffs provided supplemental discovery responses on June 4, 2021, but these responses did not identify Ms. Johnson's previous mental health providers. Defendant claims it only learned of such providers through Social Security Administration Records.

On September 27, 2021, Defendant deposed Plaintiffs. During Ms. Johnson's deposition, she testified that she has seen a therapist, Joyce Markham, since she was four years old. At that point, Plaintiffs' counsel instructed Ms. Johnson not to answer questions and unilaterally decided

he was going to obtain the records from Ms. Markham and submit them to the Court. The same thing occurred during J.T. Johnson's deposition.

On October 24, 2021, Plaintiffs' counsel filed a Motion to Seal requesting that (1) all records of Ms. Markham, Ms. Johnson's licensed specialist clinical social worker, be sealed and (2) Defendant's counsel be prohibited from questioning Plaintiffs about Ms. Johnson's mental health history during depositions. (Filing No. 79.) In its brief in response to the Motion to Seal, Defendant requested that Plaintiff be ordered to pay the cost of reconvening Plaintiffs' depositions. (Filing No. 81.) Defendant explained that although Plaintiffs had been ordered to produce documents and engage in discovery regarding Ms. Johnson's mental health history, Plaintiffs' counsel instructed his clients not to answer deposition questions regarding this issue and withheld responsive documents.

On December 4, 2021, Defendant filed a Motion for Protective Order, requesting that the Court issue an order quashing the deposition notices for Dr. Christopher Cornett and Dr. Robert Arias, and also limit the scope of Plaintiffs' discovery deposition of Defendant. (Filing No. 85.) The subject depositions were scheduled to occur on December 6 and 7, 2021. Defendant argued the deposition notices for Dr. Cornett and Dr. Arias were premature because the Court had not ruled on Plaintiffs' Motion to Seal, which deals with the dispute pertaining to the discoverability of Ms. Johnson's mental health treatment. Defendant maintained that this discovery could impact her experts' reports and testimony. Defendant further argued that because liability is not an issue in this case, deposition questions about how the accident occurred are irrelevant.

On December 6, 2021, the Court entered a text order quashing the deposition notices of Dr. Cornett and Dr. Arias pending a ruling on Plaintiffs' Motion to Seal and Defendant's Motion for Protective Order. This text order – which did not grant or deny Defendant's Motion for Protective Order – was necessary, given the timing of the upcoming depositions. The text order indicated the depositions could be re-noticed following a ruling on those motions. (Filing No. 86.) Then, on December 20, 2021, Plaintiffs filed "Objections to Magistrate Judge's Findings and Recommendations and Motion for Sanctions" apparently pertaining to the undersigned's text order—the undersigned did not enter a Findings and Recommendation regarding that matter. (Filing No. 87.) Plaintiffs asserted that because the Court's order only quashed the depositions of Dr. Cornett and Dr. Arias, Plaintiffs' counsel was uncertain whether the Court intended to quash

Defendant's deposition or whether Defendant just failed to appear for her deposition.[1] Plaintiffs also requested that sanctions be imposed upon Defendant because Defendant's counsel did not contact the Court to schedule a conference before filing the Motion for Protective Order.

On December 27, 2021, Defendant filed a motion requesting that the progression order be modified and that the deadlines therein be extended ninety days from the date an order is issued on Plaintiffs' Motion to Seal. (Filing No. 88.) In support of this motion, Defendant cites delays resulting from Plaintiffs' refusal to engage in discovery regarding Ms. Johnson's mental health treatment. In the motion, Defendant also requests that the Court direct Plaintiffs' attorney to cease and desist from copying Defendant's insurer's representative and Plaintiff JT Johnson on email communications he sends to Defendant's attorneys.

## DISCUSSION

As shown from the factual background above, each of the motions now pending before the Court stem from the discovery dispute regarding the relevance of Ms. Johnson's prior psychiatric treatment. In this case, Plaintiffs have alleged that Ms. Johnson sustained "bodily injuries, unnecessary painful physical discomfort, mental anguish, and disability – past, present and future" due to the automobile accident at issue in this suit. (Filing No. 1.) Plaintiffs' discovery responses indicate that Plaintiffs contend Ms. Johnson sustained post-traumatic stress disorder due to the accident. Defendant has admitted negligence in causing the accident but denies that the accident was the proximate cause of Plaintiffs' injuries and damages. Based on these allegations and defenses, Ms. Johnson's mental health history is relevant and proportionate to the needs of the case. Therefore, Plaintiffs will be ordered to immediately respond to discovery regarding this issue, which includes, but is not limited to, production of treatment records and responding to deposition questions regarding Ms. Johnson's mental health history.

Prior to Ms. Johnson's deposition, this Court advised the parties that Ms. Johnson's previous mental health history was relevant to the claims in this case. The Court ordered Plaintiffs

---

[1] Defendant's counsel has represented to the Court that Plaintiffs' counsel was in Florida on December 6, 2021, which was the date Defendant's deposition was scheduled to occur. According to Defendant's counsel, Plaintiffs' counsel emailed him confirming he was canceling Defendant's deposition, with the assumption that the undersigned had quashed Defendant's deposition. (Filing No. 89.) To the extent Plaintiffs' counsel believed the undersigned's order was unclear, that issue could have been resolved through a supplemental motion or by simply contacting chambers.

to supplement their discovery responses based on this finding. Despite this, Plaintiff did not disclose the name of the therapist, Joyce Markham. Nor, where any documents produced from this therapist prior to Ms. Johnson's deposition or her father's deposition. Plaintiffs' counsel unilaterally decided that he would submit documents to the Court for review and instructed his clients not to answer questions related to Ms. Johnson's prior mental health treatment. Given these circumstances, the Court will order that Plaintiffs' depositions be reconvened at Plaintiffs' cost.[2]

Once all information regarding Ms. Johnson's mental health history has been received and reviewed by Defendant's expert witnesses, Plaintiffs may re-notice the depositions of Dr. Cornett, Dr. Arias, and Defendant. The Court will not, however, limit the scope of Defendant's deposition as requested by Defendant. If Plaintiffs' counsel wants to question Defendant about matters pertaining to what happened at the time of the accident and things related to that topic, he may do so. Obviously, if the Defendant lacks the proper foundation to answer a question, her attorney can make the appropriate objection during the deposition.

Plaintiffs' Objections to Magistrate Judge's Findings and Recommendations and Motion for Sanctions will be overruled and denied. The undersigned did not enter a Findings and Recommendation pertaining to the Motion for Protective Order. Further, as far as the Court is concerned, any objection to the text order is moot as Plaintiff will be allowed to depose Dr. Cornett, Dr. Arias and Defendant once the relevant documents are produced. Further, the undersigned will not impose sanctions just because Defendant did not contact the Court before filing the Motion for Protective Order. At this point, the Court is well-versed on the issues underlying the parties' discovery dispute and motions were already pending before the Court. This is not to say that the parties are excused from contacting the Court before filing such motions in the future. However, Defendant's counsel's failure to do so is not a basis for sanctions under the circumstances presented here.

Given the additional discovery that needs to occur in this case, the progression deadlines will need to be modified. Therefore, the parties will be ordered to confer and submit proposed

---

[2] The Court recognizes the sensitive nature of information related to Ms. Johnson's mental health history. However, Ms. Johnson's mental health history remains relevant to the issues in this case and Defendant is entitled to discovery regarding the matter.

revised case progression deadlines to the Court. Revised deadlines will be set during the status conference on February 14, 2022.

**IT IS ORDERED:**

1. Plaintiffs' Motion to Seal (Filing No. 79) is denied. Plaintiffs shall engage in discovery regarding Ms. Johnson's mental health history. This includes, but is not limited to, production of the treatment records and notes of Joyce Markham. Any and all treatment records regarding Ms. Johnson's mental health history shall be produced no later than February 7, 2022. Plaintiffs shall also respond to deposition questions regarding this issue. Plaintiffs' depositions may be reconvened. This shall be done at Plaintiffs' cost. Any additional effort to thwart this discovery will be a basis for further sanctions.

2. Defendant's Motion for Protective Order (Filing No. 85) is granted, in part, as set out above.

3. Plaintiffs' Objection to Magistrate Judge's Findings and Recommendations and Motion for Sanctions (Filing No. 87) is overruled and denied.

4. Defendant's Motion to Amend Case Progression Order (Filing No. 88) is granted. The parties shall confer and submit a proposed case progression schedule to bazis@ned.uscourts.gov by 12:00 p.m. on February 9, 2022. Revised case progression, pretrial conference date, and trial date will be set at the status conference on February 14, 2022.

5. Plaintiffs' attorney shall cease and desist from copying Defendant's insurer's representative and Plaintiff JT Johnson on email communications he sends to Defendant's attorney. Plaintiffs' counsel shall also be mindful to only copy the undersigned's chambers and staff on emails between counsel when necessary and appropriate.

Dated this 24th day of January, 2022.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge