IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| J.T. JOHNSON, JR., Individually,<br><br>Plaintiff,<br><br>vs.<br><br>JENNA R. FRIESEN,<br><br>Defendant. | 8:19-CV-322<br><br>MEMORANDUM AND ORDER ON DEFENDANT'S MOTION IN LIMINE |

## I.  INTRODUCTION

This lawsuit involves a car accident that occurred in Omaha, Nebraska, in which Plaintiff alleges that he sustained injuries. Filing 1 at 2. Defendant, the driver of one of the vehicles involved in the accident, has filed a Motion in Limine. Filing 101. In her Motion, Defendant requests that the Court exclude or limit the testimony of Plaintiff's expert witnesses for failing to make proper disclosures under Federal Rule of Civil Procedure 26(a)(2) and for failure to meet the requirements of Federal Rule of Evidence 702. Filing 101 at 1–2; Filing 102 at 2, 10. For the reasons stated below, the Court grants in part and denies in part Defendant's motion without prejudice to reassertion. Plaintiff shall make proper disclosures of his non-retained experts within two weeks of the date of this order.

1

## II. RELEVANT BACKGROUND

At issue are eighteen health care providers[1] that Plaintiff currently lists as potential expert witnesses. Filing 101 at 1; Filing 103-5 at 1–6. Of the eighteen health care providers, seventeen of them are non-retained experts, and one of them, Dr. Steven Barna, is a retained expert. Filing 103-5 at 1–6. The seventeen non-retained experts are various physicians who provided treatment to Plaintiff. Filing 104-2 at 1–6; Filing 104-3 at 8–12. Dr. Barna, the retained expert, has developed a Life Care Plan Report for Plaintiff that comments on Plaintiff's past medical treatment and outcomes and addresses his current and future medical and non-medical needs. Filing 103-6 at 3.

In his initial Rule 26(a)(2) disclosures, submitted on September 1, 2020, Plaintiff listed thirteen treating physicians as experts. Filing 104-3 at 1–6. Under each physician's name, Plaintiff wrote a brief sentence describing the physician's occupation and the treatment the physician provided Plaintiff along with a statement that the provider would testify consistent with medical records and bills already provided to the Defendant. Filing 104-2 at 1–6. Defendant contends that this statement is insufficient to comply with the requirements of Rule 26(a)(2)(C).

As discovery progressed, Plaintiff disclosed additional treating physicians as experts in his responses to Defendant's interrogatories. Plaintiff listed the name and location of each physician, and in one sentence below the physician's name described his or her occupation and what treatment the physician provided to Plaintiff. Filing 103-4 at 1–7; Filing 103-5 at 1–6. In response to a separate interrogatory, Plaintiff stated that the treating physicians would "testify according to their findings and treatment as set forth in their respective treatment records." Filing 104-3 at 16.

---

[1] Defendant's Motion in Limine also seeks exclusion of Plaintiff's economic-loss expert, Dr. Keith Fairchild. Filing 101 at 1. Plaintiff represents in his Brief in Opposition that he originally listed Dr. Fairchild as a retained expert witness in his Rule 26(a) disclosures, but that he later dropped Dr. Fairchild as a witness. Filing 104 at 3 n.1. In any event, Defendants allege that Dr. Fairchild never provided a "written report" as required by Federal Rule of Civil Procedure 26(a)(2)(B). Filing 102 at 4. Plaintiff has not argued otherwise. Therefore, Dr. Fairchild shall be excluded pursuant to Federal Rule of Civil Procedure 37(c)(1).

2

Defendant contends that these responses to her interrogatories are also insufficient to comply with Rule 26(a)(2)(C)'s requirements for non-retained experts.

Plaintiff disclosed one retained expert in his responses to Defendant's interrogatories: Dr. Barna, a Certified Life Care Planner. Filing 103-4 at 4; Filing 103-5 at 5. Plaintiff stated that Dr. Barna would "provide additional evaluation/treatment and develop a life care plan with economic considerations." Filing 103-4 at 4, 7; Filing 103-5 at 5–6. Plaintiff further explained that Dr. Barna had "put together a life care plan and written a report concerning at least Plaintiff's current condition, future treatment, future care and life adjustments, and any disability or work restrictions." Filing 103-5 at 6. Plaintiff attached Dr. Barna's Life Care Plan Report to his responses to Defendant's interrogatories. Filing 103-5 at 6; Filing 103-6 at 1–34. Defendant seeks exclusion of a causation opinion by Dr. Barna on the ground that it is inadmissible under Federal Rule of Evidence 702. Filing 102 at 10–12.

The deadline for Plaintiff to disclose his retained and non-retained experts was June 7, 2021. Filing 99 at 1. On March 4, 2022, Defendant filed her Motion in Limine. Filing 101. In her Motion, Defendant seeks to exclude the testimony of the following non-retained experts: (1) Dr. Melissa Herrman; (2) Dr. Bradley Poole; (3) Dr. Marvin Faulkner; (4) Dr. Harold Hess; (5) Dr. Chia Hsun Tsai; (6) Dr. Emmanuel Martinez; (7) Dr. Adam Krause; (8) Dr. Lawrence Nelson; (9) Dr. Samuel Cemaj; (10) Ann Stites; (11) Tracie Nolan; (12) Dr. Douglas Frye; (13) Gwen Petersen; (14) Dr. Elizabeth Trueblood Webber; (15) Dr. Adam Madl; (16) Dr. Douglas Paine; and (17) Dr. Taijun Zhao. Filing 101 at 1. Defendant also seeks to exclude any testimony regarding the cause of Plaintiff's injuries from Dr. Barna, Plaintiff's retained expert. Filing 102 at 12.

### III. ANALYSIS

#### A. Dr. Barna's Causation Testimony

The Court begins with Defendant's request to exclude Dr. Barna's testimony about the cause of Plaintiff's injuries.[2] Dr. Barna developed a "life care plan" for Plaintiff and wrote a report "concerning at least Plaintiff's current condition, future treatment, future care and life adjustments, and any disability or work restrictions." Filing 103-5 at 6. In his report, Dr. Barna claimed, "Now that I have looked at all the evidence before me, it is my professional opinion that JT Johnson has sustained serious and permanent injuries to the lumbar spine, having undergone spinal cord stimulator implantation as a result of the traumatic event that occurred on 8/9/2015," which is the date of the car accident at issue in this case. Filing 103-6 at 13. Defendant argues that Dr. Barna's conclusion that the car accident caused Plaintiff's spinal injuries is inadmissible under Federal Rule of Evidence 702. Filing 102 at 10–12. Specifically, Defendant asserts that Dr. Barna's report provides no information on what methodology he employed to arrive at his conclusion. Filing 102 at 12. In his brief opposing Defendant's Motion, Plaintiff concedes that Dr. Barna's testimony will not be offered to prove causation but to show the necessity of the pain stimulator and its subsequent success, care, and maintenance over the life of the Plaintiff. Filing 104 at 9.

"Federal Rule of Evidence 702 governs the admissibility of expert testimony." *McMahon v. Robert Bosch Tool Corp.*, 5 F.4th 900, 903 (8th Cir. 2021) (citing *First Union Nat'l Bank v. Benham*, 423 F.3d 855, 861 (8th Cir. 2005)). An expert's opinion is admissible if:

---

[2] Defendant originally neglected to file an affidavit authenticating the evidence she offered in support of her motion, although she has filed one with her reply brief. Filing 106-1. This Court's local rules require parties to file an affidavit identifying and authenticating any documents offered as evidence. *See* NECivR 7.1(a)(2)(C). Without challenging the authenticity of the evidence, which consists entirely of information provided by Plaintiff, Plaintiff asks the Court to deny Defendant's Motion for noncompliance with the Court's local rules. The Court exercises its discretion in whether and how to enforce its local rules and will not resort to the harsh sanction requested by Plaintiff. *See Reasonover v. St. Louis Cnty., Mo.*, 447 F.3d 569, 579 (8th Cir. 2006) ("District courts have broad discretion to . . . enforce local rules."). Defendant has now remedied the oversight.

> [1] the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; [2] the testimony is based on sufficient facts or data; [3] the testimony is the product of reliable principles and methods; and [4] the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702 (bracketed numbers added).

Four factors guide a court in determining the reliability of an expert's opinion: "(1) whether the expert's theory or technique 'can be (and has been) tested;' (2) 'whether the theory or technique has been subjected to peer review and publication;' (3) 'the known or potential rate of error;' and (4) 'general acceptance.'" *Ackerman v. U-Park, Inc.*, 951 F.3d 929, 932–33 (8th Cir. 2020) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 593–94 (1993)). Nevertheless, "[t]hese factors are not exclusive or exhaustive and the court may tailor its inquiry to fit the particular facts of a case." *Id.* at 933 (citing *Presley v. Lakewood Eng'g & Mfg. Co.*, 553 F.3d 638, 643 (8th Cir. 2009)). "In the case of all expert testimony the district court serves as a gatekeeper to ensure that only reliable and relevant expert testimony is presented to a jury." *United States v. Legs*, 28 F.4th 931, 935 (8th Cir. 2022) (quoting *United States v. Merrell*, 842 F.3d 577, 582 (8th Cir. 2016)). A district court must ensure expert opinion is based "on good grounds" and not "subjective speculation that masquerades as scientific knowledge." *Ackerman*, 951 F.3d at 935 (quoting *Glastetter v. Novartis Pharm. Corp.*, 252 F.3d 986, 989 (8th Cir. 2001)).

Having reviewed Dr. Barna's report, Filing 103-6 at 1–35, the Court agrees with Defendant that it provides no information on how Dr. Barna arrived at his conclusion that Plaintiff's injuries resulted from "the traumatic event that occurred on 8/9/2015." Filing 103-6 at 13. His report provides no basis to conclude this statement resulted from "reliable principles and methods" as required by Federal Rule of Evidence 702(c). Indeed, his report does not say he used any principles or methods to arrive at his conclusion regarding causation. Accordingly, the Court will exclude

5

Dr. Barna's opinion on causation. *See Collazo v. Progessive Select Ins. Co.*, No. 20-CV-25302, 2021 WL 6932166, at *5–6 (S.D. Fla. Dec. 20, 2021) (deciding that a life care planner's opinion on causation should be excluded when the life care planner did not explain how he arrived at his conclusion on causation), *report and recommendation adopted in part sub nom. Collazo v. Progressive Select Ins. Co.*, No. 20-25302-CIV, 2022 WL 178531 (S.D. Fla. Jan. 20, 2022). Dr. Barna will be allowed to testify, however, about the necessity of the pain stimulator and its subsequent success, care, and maintenance over the life of the Plaintiff, which is the purpose for which Plaintiff intends to offer his testimony. Filing 104 at 9.

### B. The Non-Retained Experts

Defendant seeks the exclusion of Plaintiff's seventeen non-retained experts, all of whom are physicians who provided treatment to Plaintiff. According to Defendant, Plaintiff failed to properly disclose his non-retained experts under Federal Rule of Civil Procedure 26(a)(2)(C). Specifically, Defendant argues that Plaintiff's initial Rule 26(a)(2) disclosures and Plaintiff's answers to Defendant's interrogatories about the non-retained experts do not sufficiently state "the subject matter on which the [non-retained expert] is expected to present evidence" and "a summary of the facts and opinions to which the [non-retained expert] is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i)–(ii). Plaintiff responds that Defendant has over 10,000 pages of his medical records in her possession and that Plaintiff has provided a table to Defendant listing the sources of all the medical records, which he argues satisfies Rule 26(a)(2)(C) requirements when considered in conjunction with his Rule 26(a)(2) disclosures and answers to interrogatories. Plaintiff further argues that, even if he failed to abide by Rule 26(a)(2)(C), his error was harmless.

"Federal Rule of Civil Procedure 26(a) requires litigants to make certain disclosures." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018). Under

subsection (a)(2), a litigant "'must disclose to the other parties the identity of any witness it may use at trial to present' expert testimony." *Id.* (quoting Fed. R. Civ. P. 26(a)(2)). Whether an expert is retained or non-retained dictates "[t]he nature and extent of the required disclosure." *Id.*; *see also* Fed. R. Civ. P. 26(a)(2)(B).

For a retained expert, "a party must produce a detailed expert report, '[u]nless otherwise stipulated or ordered by the court." *Id.* (quoting Fed. R. Civ. P. 26(a)(2)(B)). Rule 26(a)(2)(B) outlines the extensive requirements of a retained expert's report, which include "a complete statement" of all of the expert's opinions, "the basis and reasons" for the opinions, and "the facts or data" the expert considered in forming the opinions. Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi). However, "non-retained experts, including treating healthcare providers . . ., are subject to less stringent disclosure requirements than a retained expert." *Gruttemeyer v. Transit Auth.*, 31 F.4th 638, 644 (8th Cir. 2022). "[P]arties must disclose the identity of non-retained experts who may testify at trial and disclose 'the subject matter on which the witness is expected to present' expert opinion testimony and 'a summary of the facts and opinions to which the witness is expected to testify.'" *Id.* (quoting *Vanderberg*, 906 F.3d at 702); *see also* Fed. R. Civ. P. 26(a)(2)(C). However, when a treating physician "will testify about matters outside the realm of treatment such as causation of a condition . . . disclosure requirements are triggered." *Id.*

In Plaintiff's initial Rule 26(a)(2) disclosures, Plaintiff listed the treating physician's name, occupation, the treatment the physician provided, and the following statement:

> [Medical provider]'s testimony of treatment will follow [his or her] medical records and bills—all of which have been provided to the Defendant—along with justifying [his or her] bills for [his or her] treatment and services and other related treatment and services [he or she] provided and recommended.

Filing 104-2 at 1–6. In response to Defendant's interrogatories about the doctors and health care personnel that provided treatment to Plaintiff, Plaintiff listed the name and location of each

7

physician, the physician's occupation, and the treatment the physician provided. Filing 103-4 at 1–7; Filing 103-5 at 1–6. In response to a separate interrogatory, Plaintiff stated that the treating physicians would "testify according to their findings and treatment as set forth in their respective treatment records." Filing 104-3 at 16

Several courts have observed that there is "scant case law outlining what constitutes a sufficient disclosure under Rule 26(a)(2)(C)."[3] *Vanderlaan v. Ameriprise Auto & Home Ins.*, No. 20-CV-00191-PAB-STV, 2021 WL 4441518, at *6 (D. Colo. Sept. 28, 2021) (quoting *Chambers v. Fike*, No. 13-1410-RDR, 2014 WL 3565481, at *7 (D. Kan. July 18, 2014)). "At a minimum, however, a disclosure must 'obviate the danger of unfair surprise regarding the factual and opinion testimony of the non-retained expert' and 'contain more than a passing reference to the general type of care a treating physician provided.'" *Seeley v. Home Depot U.S.A., Inc.*, No. 17-CV-00584-PAB-NYW, 2018 WL 4275375, at *4 (D. Colo. Sept. 7, 2018) (quoting *Chambers*, 2014 WL 3565481, at * 7). "Courts have found that a party cannot comply with its disclosure obligations under [Rule 26(a)(2)(C)] by merely stating the topic that will be discussed at a high level and/or identifying documents containing information consistent with the opinion testimony to be offered." *Emerson Elec. Co. v. Suzhou Cleva Elec. Appliance Co.*, No. 4:13CV1043SPM, 2015 WL 8770712, at *2 (E.D. Mo. Dec. 15, 2015). "[W]hile a disclosure need not 'outline each and every fact to which the non-retained expert will testify or outline the anticipated opinions in great detail,' it should 'provide a brief account that states the main points of the entirety of the anticipated testimony.'" *Vanderlaan*, 2021 WL 4441518, at *6 (quoting *Chambers*, 2014 WL 3565481, at *7).

For example, in *A.R. by Pacetti v. Corporation of President of Church of Jesus Christ of Latter-Day Saints*, Magistrate Judge Kristen L. Mix of the District of Colorado found insufficient

---

[3] Rule 26 was amended effective December 1, 2010, to add subsection (a)(2)(C), which governs "Witnesses Who Do Not Provide A Written Report."

to comply with Rule 26(a)(2)(C) a disclosure providing that "[the treating physician's] subject matter of testimony will entail his care and treatment of [the plaintiff] at Cedar Springs Hospital in 2011 while she was a patient at Cedar Springs Hospital, Colorado Springs, CO" along with the plaintiff's assertion that "the nature and extent of [the treating physician's] information, treatment and opinions [were] included in the treatment records that were previously provided in the Rule 26 Disclosure of October 12, 2012." No. 12-CV-02197-RM-KLM, 2013 WL 5462277, at *1, *4 (D. Colo. Sept. 30, 2013). Likewise, in *Chambers v. Fike*, Magistrate Judge K. Gary Sebelius of the District of Kansas determined that a disclosure giving the name and occupation of the treating physician, along with a statement that the treating physician would "testify regarding the general course of [the plaintiff's] medical care and treatment, including without limitation referrals made for care and treatment provided by others and the reasons for those referrals, the reasonableness and necessity of the care and treatment, and the reasonableness of charges for necessary care and treatment" did not constitute a proper disclosure under Rule 26(a)(2)(C). *Chambers*, 2014 WL 3565481, at *7.

      The Court concludes that Plaintiff's disclosures are similar to the disclosures in the above cases and are therefore insufficient to comply with Rule 26(a)(2)(C). As in *A.R.* and *Chambers*, the disclosures are little more than identifications of topics. *See also Emerson Elec. Co.*, 2015 WL 8770712, at *2 (also finding merely disclosing topics inadequate). Plaintiff's disclosures are generalized passing references to the services the treating physician provided along with a statement that the treating physician's testimony will be in accordance with the treatment the physician provided. *Seeley*, 2018 WL 4275375, at *4. These disclosures do not provide the main points of the anticipated testimony so that Defendant is informed of the factual and opinion testimony of the treating physician. *Vanderlaan*, 2021 WL 4441518, at *6. Furthermore, the fact

9

that Defendant has Plaintiff's medical records does not mean Plaintiff has complied with Rule 26(a)(2)(C). *See Vanderberg*, 906 F.3d at 703 (noting that "hundreds of pages of medical records" cannot "reasonably be called a 'summary.'"); *see also Vanderlaan*, 2021 WL 4441518, at *6 ("It is not enough to state that the witness will testify consistent with information contained [in] the medical records[.]" (alteration in original) (quoting *Hayes v. Am. Credit Acceptance*, LLC, No. 13-2413-RDR, 2014 WL 3927277, at *3 (D. Kan. Aug. 12, 2014))); *Heaton v. Gonzales*, No. CV 21-463 JCH/KK, 2022 WL 843892, at *6 (D.N.M. Mar. 22, 2022) (noting that the disclosing party "must do 'more than merely rely[ ] on the medical records" to satisfy Rule 26(a)(2)(C)'s requirements.'" (alterations in original) (quoting *Ramirez v. Ultimate Concrete*, LLC, No. 13CV649 JCH/LAM, 2015 WL 12832341, at *2 (D.N.M. Feb. 10, 2015))). Indeed, it is especially important for Plaintiff to provide a sufficient disclosure in the context of the over 10,000 pages of medical records Plaintiff states are in Defendant's possession. *See Heaton*, 2022 WL 843892, at *6 (noting that proper disclosures under Rule 26(a)(2)(C) are "particularly important to obviate the danger of unfair surprise where the medical records in question are voluminous." (internal quotation marks omitted)).

Plaintiff's failure to provide a proper disclosure brings him within the ambit of Federal Rule of Civil Procedure 37. *See Vanderberg*, 906 F.3d at 702 (noting that Rule 37 "give[s] teeth" to Rule 26). When a party fails to provide a sufficient disclosure under Rule 26(a), "[T]he party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In determining how to remedy a party's insufficient disclosure of an expert, a court should consider, among other things, "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and

10

efficiency of the trial, and the importance of the information or testimony." *Gruttemeyer*, 31 F.4th at 645 (quoting *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008)).

Although Defendant thoroughly argued that Plaintiff's disclosures failed to comply with Rule 26(a)(2)(C), Defendant has not indicated how he has been prejudiced. Moreover, the Court finds that the prejudice to Defendant is somewhat abated because Defendant has been provided the names of the treating physicians whom Plaintiff intends to call to testify, a short description of the treatment they have provided, and Plaintiff's medical records. *See Lopez v. Keeshan*, No. 4:11CV3013, 2012 WL 2343415, at *4 (D. Neb. June 20, 2012) (noting that the defendant could not claim unfair surprise because the plaintiff provided a "minimal disclosure" by the expert disclosure deadline and the defendant had been able to review the medical records to "form a general idea of what the medical testimony would be"). Defendant also had several months to review the disclosures before she moved in limine to exclude the expert's opinions. Additionally, the magistrate judge stayed the expert deposition deadline, Filing 108, meaning that Defendant may depose Plaintiff's treating physicians (if Defendant has not done so already) before the trial set in this matter.

Finally, as Defendant's brief makes clear, Defendant is attempting to eliminate expert testimony related to causation, an essential element of Plaintiff's case. *See Miller v. Union Pac. R.R. Co.*, 526 F. Supp. 3d 494, 509 (D. Neb. 2021) (noting, under Nebraska law, that expert testimony is required to prove causation of "subjective injuries"). Because exclusion of expert testimony related to causation could result in extinguishing Plaintiff's claim, or at least a large part of Plaintiff's damages, the Court should tread cautiously before ordering exclusion of the treating physicians' testimony. *See Dunning v. Bush*, 536 F.3d 879, 890 (8th Cir. 2008) (holding that lesser sanctions should be considered before imposing one that results in dismissal of a claim).

11

At the same time, Plaintiff's bare-bones disclosures provide little guidance to Defendant on how Plaintiff plans to use the testimony of his treating physicians. For example, several district courts in this district, as well as other circuits, have concluded that a treating physician may offer a causation opinion if the physician formed the opinion during the course of treatment. *See, e.g.*, *Kapp v. Steingrandt*, No. 4:20-CV-00221-JAR, 2021 WL 1546231, at *2–*3 (E.D. Mo. Apr. 20, 2021) (refusing to exclude causation opinion from treating physician when the physician formed his opinion "during the course of his treatment"); *Washam v. BNSF Ry. Co.*, No. 3:19-CV-00231 KGB, 2020 WL 5880133, at *15 (E.D. Ark. Oct. 2, 2020) ("[I]f the treating doctor forms an opinion about causation at the time of treatment, rather than at the request of counsel in anticipation of litigation, expert reports need not satisfy Rule 26(a)(2)[(B)]." (quoting *Montes v. Union Pac. R. Co.*, No. 8:09CV226, 2011 WL 1343200, at *4 (D. Neb. Apr. 8, 2011))); *see also Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 869 (6th Cir. 2007), *as amended on denial of reh'g and reh'g en banc* (July 2, 2007) (noting that this rule "is supported by the obvious fact that doctors may need to determine the cause of an injury in order to treat it."). Unfortunately, based on Plaintiff's disclosures, neither Defendant nor the Court can determine if Plaintiff seeks to offer the testimony of his treating physicians simply to describe his injuries, outline the treatment, or to prove causation. The fact that Defendant cannot discern how Plaintiff plans to use the testimony of his treating physician is evidence of prejudice and would support a ruling that Plaintiff's non-retained experts should be excluded.

Given the circumstances, the Court will allow Plaintiff fourteen (14) days to provide disclosures that comply with Federal Rule of Civil Procedure 26(a)(2)(C). If the testimony of all treating physicians were excluded, Plaintiff's case would surely fail. At the same time, the Court cannot imagine that all seventeen doctors are needed to testify in this case. Although the Court is

12

providing the Plaintiff significant leeway in light of Plaintiff's failure to follow court rules, the Court expects Plaintiff to limit its treating physician disclosures to witnesses whose testimony is necessary.

The Court therefore orders Plaintiff to provide proper disclosures of his non-retained experts under Federal Rule of Civil Procedure 26(a)(2)(C) to Defendant within two weeks from the date of this order.[4] Defendants are provided thirty days thereafter to depose Plaintiff's disclosed treating physicians if depositions are desired. Plaintiffs are directed to cooperate in doing everything possible to schedule such depositions within that timeframe. If such a timeframe is not feasible, the parties may seek relief from the magistrate judge. Plaintiff's failure to cure may result in the Court excluding the testimony of his non-retained experts.

### IV.    CONCLUSION

The Court will exclude the causation opinion from Dr. Barna and orders Plaintiff to make proper disclose his non-retained experts to Defendants not later than two weeks from the date of this order. Accordingly,

IT IS ORDERED:

1. Defendant's Motion to Exclude or Limit Plaintiff's Expert Witness and Testimony, Filing 101, is granted in part and denied in part without prejudice to reassertion if Plaintiff fails to properly disclose his experts within two weeks of the date of this order; and

2. Plaintiff is ordered to properly disclose his non-retained experts under Federal Rule of Civil Procedure 26(a)(2)(C) to Defendant within 14 days of the date of this order.

---

[4] Given that the Court is not ordering exclusion of Plaintiff's non-retained experts yet, it need not rule on whether the letter from Dr. Hess Plaintiff provided to Defendant in discovery is sufficient to satisfy Plaintiff's disclosure obligations under Rule 26(a)(2)(C).

13

3. Defendant shall have thirty days after Plaintiff's disclosure deadline to depose Plaintiff's disclosed treating physicians if depositions are desired.

Dated this 27th day of May, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge