IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| J.T. JOHNSON, JR., Individually,<br><br>    Plaintiff,<br><br>vs.<br><br>JENNA R. FRIESEN,<br><br>    Defendant. | 8:19-CV-322<br><br>**MEMORANDUM AND ORDER ON SUPPLEMENTAL MOTION IN LIMINE** |

## I.   INTRODUCTION

This lawsuit involves a car accident that occurred in Omaha, Nebraska, in which Plaintiff alleges that he sustained injuries. Filing 1 at 2. On March 4, 2022, Defendant, the operator of the vehicle that allegedly struck Plaintiff, filed a Motion in Limine to exclude or limit the testimony of Plaintiff's experts. Filing 101. In an Order filed May 27, 2022, the Court granted that Motion in part and denied it in part without prejudice to reassertion. Filing 109. In the Order, the Court directed Plaintiff to disclose his experts to Defendants within fourteen days in full compliance with Federal Rule of Civil Procedure 26(a)(2)(C). Plaintiff filed expert disclosures with the Court on June 10, 2022. Filing 113. Claiming that the revised disclosures remain deficient, Defendant filed the pending Supplemental Motion in Limine to exclude or limit the testimony of Plaintiff's expert witnesses. Filing 120. For the reasons stated herein, Defendant's Supplemental Motion in Limine is granted.

1

## II. BACKGROUND

At issue are eighteen[1] medical treatment providers whom Plaintiff listed as potential expert witnesses in his expert disclosures. Filing 113 at 7–20. Of the eighteen medical treatment providers, seventeen are non-retained experts and one of them, Dr. Steven Barna, is a retained expert. Filing 103-5 at 6; Filing 113 at 7–20.

Previously, on March 4, 2022, Defendant filed a Motion in Limine to exclude or limit the testimony of Plaintiff's experts. Filing 101. Specifically, Defendant sought to exclude all of Plaintiff's non-retained experts for improper disclosures under Federal Rule of Civil Procedure 26(a)(2)(C) and to exclude the causation opinion of Dr. Barna on the ground that it was inadmissible under Federal Rule of Evidence 702. Filing 102 at 2–12. The Court granted in part and denied in part Defendant's Motion in Limine in a May 27, 2022, Order. Filing 109. First, the Court agreed with Defendant that Dr. Barna's causation opinion was inadmissible because his report provided no basis that it resulted from "reliable principles and methods" as required by Rule 702(c). *See* Filing 109 at 4–6; Fed. R. Evid. 702(c). The Court then embarked on a thorough review of the requirements for disclosure under Rule 26(a)(2)(C) and found Plaintiff's disclosures deficient. Filing 109 at 6–9. In particular, the Court concluded that Plaintiff's disclosures were "little more than identifications of topics" that made "generalized passing references to the services the treating physician provided." Filing 109 at 9. Instead, the Court explained, Rule 26(a)(2)(C) required Plaintiff to disclose "the main points of the anticipated testimony so that Defendant is informed of the factual and opinion testimony of the treating physician." Filing 109 at 9.

---

[1] In his first attempt to disclose expert witnesses, Plaintiff listed seventeen health care providers as non-retained experts, one health care provider as a retained expert, and an economic-loss expert as a retained expert. Filing 103-5 at 1–6; Filing 104-2 at 1–6 Filing 104-3 at 1–12. The Court excluded the economic-loss expert in its May 27, 2022, Order. Filing 109 at 2 n.1.

2

The Court then turned to whether exclusion under Federal Rule of Civil Procedure 37 was warranted for Plaintiff's failure to properly disclose his experts. Filing 109 at 10–13. The Court observed that Plaintiff's bare-bones disclosures provided no guidance to Defendant on how Plaintiff planned to use the testimony of his treating physicians, which prejudiced Defendant and supported exclusion. Filing 109 at 12. Nevertheless, despite Plaintiff's wholly inadequate disclosures, the Court noted that granting Defendant's Motion in Limine would eliminate any expert testimony related to causation, an essential element of Plaintiff's case. Filing 109 at 11. Mindful that Eighth Circuit Court of Appeals precedent generally requires considering lesser sanctions before imposing one that results in dismissing claims, *see* Dunning v. Bush, 536 F.3d 879, 890 (8th Cir. 2008), the Court generously gave Plaintiff fourteen days to provide disclosures that complied with Rule 26(a)(2)(C). Filing 109 at 11–12. The Court further stated that it expected Plaintiff to limit his treating physician disclosures to witnesses whose testimony was necessary. Filing 109 at 13. The Court warned Plaintiff, however, that his failure to cure could result in the Court excluding his non-retained experts. Filing 109 at 13.

On June 10, 2022, Plaintiff provided expert disclosures pursuant to the Court's May 27, 2022, Order. Filing 113. On July 8, 2022, Defendant filed her Supplemental Motion in Limine, seeking to exclude or limit Plaintiff's expert witness testimony. Filing 120.

For unknown reasons, Plaintiff's supplemental disclosures begin by outlining the alleged facts of this case; accusing Defendant of violating Nebraska Revised Statute § 44-1539; and calculating the purported damages in this case. Filing 113 at 1–7. The disclosures then list each potential expert witness with a short description of their anticipated testimony. Filing 113 at 7–19. In general, each disclosure explains that each non-retained expert will testify as to why Plaintiff sought the expert for treatment, Plaintiff's symptoms, and the treatment the expert provided.

Defendant requests that the Court rule that none of the non-retained experts can testify as to causation of the injuries or as to the necessity of the treatment they provided or the expenses Plaintiff incurred. Filing 120 at 3.

The disclosures also state that one of the non-retained experts, Dr. Harold Hess, will testify that "within a reasonable degree of medical certainty, [Plaintiff] suffered an injury to his low back as a result of the motor vehicle accident of August 9, 2015, and that the accident of August 9, 2015, necessitated the installation of [a] pain stimulator." Filing 113 at 16. The disclosure goes on to reference a letter authored by Dr. Hess on January 7, 2019, as the foundation for this causation opinion. Defendant argues that the disclosure for Dr. Hess, including the disclosure of his causation opinion, is insufficient to satisfy Rule 26(a)(2)(C).

Finally, the disclosures state that Dr. Barna, the retained expert, would testify about Plaintiff's current and future medical and nonmedical needs "related to the injuries sustained by [Plaintiff] on 8/9/2015." Filing 113 at 19. Defendant asks the Court to reaffirm its prior Order preventing Dr. Barna from giving a causation opinion. Filing 120 at 2.

### III. ANALYSIS

#### A. Applicable Law for Rule 26(a)(2)

"Federal Rule of Civil Procedure 26(a) requires litigants to make certain disclosures." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018). Under subsection (a)(2), a litigant "'must disclose to the other parties the identity of any witness it may use at trial to present' expert testimony." *Id.* (quoting Fed. R. Civ. P. 26(a)(2)). Whether an expert is retained or non-retained dictates "[t]he nature and extent of the required disclosure." *Id.*; *see also* Fed. R. Civ. P. 26(a)(2)(B).

For a retained expert, "a party must produce a detailed expert report, '[u]nless otherwise stipulated or ordered by the court.'" *Id.* (quoting Fed. R. Civ. P. 26(a)(2)(B)). Rule 26(a)(2)(B)

4

outlines the extensive requirements of a retained expert's report, which include "a complete statement" of all of the expert's opinions, "the basis and reasons" for the opinions, and "the facts or data" the expert considered in forming the opinions. Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi). In contrast, "non-retained experts, including treating healthcare providers . . . , are subject to less stringent disclosure requirements than a retained expert." *Gruttemeyer v. Transit Auth.*, 31 F.4th 638, 644 (8th Cir. 2022). "[P]arties must disclose the identity of non-retained experts who may testify at trial and disclose 'the subject matter on which the witness is expected to present' expert opinion testimony and 'a summary of the facts and opinions to which the witness is expected to testify.'" *Id.* (quoting *Vanderberg*, 906 F.3d at 702); *see also* Fed. R. Civ. P. 26(a)(2)(C). However, when a treating physician "will testify about matters outside the realm of treatment such as causation of a condition . . . disclosure requirements are triggered." *Id.*; *see also Kapp v. Steingrandt*, No. 4:20-CV-00221-JAR, 2021 WL 1546231, at *2 (E.D. Mo. Apr. 20, 2021) ("[I]f a treating physician 'seeks to testify outside the scope of the treatment rendered,' the physician is considered 'retained' to provide expert testimony and will need to file an expert report." (quoting *Dixon v. Legacy Transportation Sys., LLC*, No. 215CV01359JADPAL, 2017 WL 4004412, at *3 (D. Nev. Sept. 11, 2017))).

The core purpose of disclosing non-retained experts under Rule 26(a)(2)(C) is to "obviate the danger of unfair surprise regarding the factual and opinion testimony of the non-retained expert[s]." *Seeley v. Home Depot U.S.A., Inc.*, No. 17-CV-00584-PAB-NYW, 2018 WL 4275375, at *4 (D. Colo. Sept. 7, 2018) (quoting *Chambers v. Fike*, No. 13-1410-RDR, 2014 WL 3565481, at *7 (D. Kan. July 18, 2014)). "The Federal Rules of Civil Procedure require 'formal disclosure' of experts because 'knowing the identity of the opponent's expert witnesses allows a party to properly prepare for trial.'" *Dey v. Coughlin*, No. 19-00318-CV-W-ODS, 2019 WL 9656363, at

\*1 (W.D. Mo. Nov. 8, 2019) (quoting *Lidge v. Sears, Roebuck & Co.*, No. 03-0024-CV-W-REL, 2004 WL 1151986, at \*5 (W.D. Mo. Apr. 29, 2004)). Thus, a disclosure that "merely stat[es] the topic that will be discussed at a high level and/or identif[ies] documents containing information consistent with the opinion testimony to be offered" is insufficient. *Emerson Elec. Co. v. Suzhou Cleva Elec. Appliance Co.*, No. 4:13CV1043SPM, 2015 WL 8770712, at \*2 (E.D. Mo. Dec. 15, 2015). For treating physicians, disclosures that only contain passing references to the general type of care the physician provided are inadequate. *See Seeley*, 2018 WL 4275375, at \*4. Instead, the disclosure must outline the main points of the anticipated testimony and inform the other side of the factual and opinion testimony of the non-retained expert so that the other side may prepare for trial. *See Vanderlaan v. Ameriprise Auto & Home Ins.*, No. 20-CV-00191-PAB-STV, 2021 WL 4441518, at \*6 (D. Colo. Sept. 28, 2021).

### B. Supplemental Motion in Limine

Defendant's Supplemental Motion in Limine requests that the Court exclude the expert testimony of Plaintiff's non-retained experts and to reaffirm that Plaintiff's retained expert, Dr. Barna, may not offer opinion testimony about the cause of Plaintiff's injuries. According to Defendant, none of the disclosures for Plaintiff's non-retained experts comply with Rule 26(a)(2) because they provide no information to Defendant about the experts' anticipated opinion testimony.

Plaintiff's response to Defendant's Motion is enigmatic. Plaintiff begins by providing the alleged facts of this case. Filing 126 at 1–2. He then complains about Defendants purportedly refusing to make stipulations, accuses Defendant's expert of contradicting himself, and outlines Nebraska case law regarding the tort of bad faith. Filing 126 at 2–22. The brief concludes with a

6

request to amend his complaint[2]—complete with a copy of the proposed amended complaint—and for the Court to intervene "in limiting the issues of this case."[3] Filing 126 at 22–24. Notably absent from Plaintiff's response is any argument about the issue presently before the Court: whether Plaintiff properly disclosed his experts under Rule 26(a)(2).

The Court agrees with Defendant that all of Plaintiff's current disclosures for his non-retained experts fail to comply with Rule 26(a)(2). Moreover, the Court reiterates that Dr. Barna, the retained expert, cannot provide an opinion for the cause of Plaintiff's injuries. Finally, the Court further concludes that exclusion under Rule 37(c) is warranted. Accordingly, the expert testimony of all non-retained experts shall be excluded.

  1. *Noncompliance with Rule 26(a)(2)*

The Court begins by addressing whether Plaintiff's current disclosures comply with Rule 26(a)(2). Despite the Court's encouragement to Plaintiff in its prior Order to limit the disclosures of the medical providers to those whose testimony is necessary, Plaintiff's current disclosures list seventeen medical providers as non-retained experts. In general, each disclosure explains that each non-retained expert will testify as to why Plaintiff sought the expert for treatment, Plaintiff's symptoms, and the treatment the expert provided. Absent from nearly every disclosure, however,

---

[2] To the extent Plaintiff is attempting to make a motion to amend his complaint in his brief in opposition, within months of trial, that request is denied. Not only is attempting to make such a motion within a brief opposing a motion in limine improper, Plaintiff has also not made any showing that amending his Complaint at this late stage is warranted. *See Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) (outlining the showing required to amend pleadings outside the deadlines set by a court's scheduling order); *see also Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 395 (8th Cir. 2016) ("[W]hen a considerable amount of time has passed since the filing of a complaint and the motion to amend is made on the eve of trial and will cause prejudice and further delay, courts require the movant to provide some valid reason for the belatedness of the motion." (quoting *Thompson–El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989))).

[3] Plaintiff's "Request for Court Intervention in Limiting the Issues of this Case" is denied. First, the issues in this case will be limited by this current order. Second, the Magistrate Judge in this case already held a telephone conference for that very purpose. During that conference, Plaintiff's counsel repeatedly complained to the Magistrate Judge that the conference was a waste of time, threatened to hang up, and chastised the Magistrate Judge for asking basic questions about who Plaintiff planned to call to present an expert opinion about causation. *See, e.g.*, Filing 119 (audio file) at 36:35—37:07. Plaintiff's counsel's attitude towards the Magistrate Judge was inappropriate and demonstrates that a conference with the undersigned judge is unnecessary.

is any explanation as to what expert opinion the purported non-retained expert will provide at trial. Instead, the disclosures show that the anticipated testimony consists solely of information about Plaintiff's medical appointments based on the personal observations of the medical professionals.

"The Eighth Circuit Court of Appeals has recognized the distinction between persons testifying as 'experts' and persons with 'expert' qualifications who testify as 'fact witnesses' in a particular case." *Williams v. Sec. Nat. Bank of Sioux City, Iowa*, 358 F. Supp. 2d 782, 791 (N.D. Iowa 2005). When a witness testifies based on his or her "personal knowledge" of the facts of the case formulated through his or her "first-hand experience," that witness testifies as a "fact" witness. *See Long v. Cottrell, Inc.*, 265 F.3d 663, 668–69 (8th Cir. 2001). In contrast, a witness testifies as an expert when he or she "is qualified as an expert by knowledge, skill, experience, training or education" and "testif[ies] in the form of an opinion or otherwise" by applying "scientific, technical, or other specialized knowledge," Fed. R. Evid. 702, "to assist the trier of facts to understand, evaluate, and decide complex evidentiary material." *United States v. Perez*, 280 F.3d 318, 341 (3d Cir. 2002); *see also Sensabaugh v. Dormire*, 279 F. Supp. 2d 1071, 1076 (E.D. Mo. 2003) ("The purpose of expert testimony is to assist the jury in areas which are outside of everyday experience or lay expertise.").

Here, all but one of the disclosures are devoid of any indication of the expert opinion the non-retained experts will offer at trial. Instead, the disclosures state that the non-retained experts will provide a first-hand account of Plaintiff's medical appointments, the symptoms he had, and the treatment he received. Such testimony is nothing more than "fact" witness testimony, not expert opinions. Because these disclosures only outline "factual" testimony, as opposed to identifying the experts' opinions, Plaintiff has violated Rule 26(a)(2)(C) by not providing "the subject matter summary on which the witness is expected to present evidence under Federal Rule

8

of Evidence 702, 703, or 705" or a summary of the opinions to which the witnesses will testify.[4] Fed. R. Civ. P. 26(a)(2)(C)(i)–(ii).

The only disclosure that even appears to attempt to divulge an expert opinion is the disclosure for Dr. Harold Hess. Dr. Hess's disclosure states that he will testify "that within a reasonable degree of medical certainty, [Plaintiff] suffered an injury to his low back as a result of the motor vehicle accident of August 9, 2015, and that the accident of August 9, 2015, necessitated installation of the pain stimulator." Filing 113 at 16. The disclosure then references a letter authored by Dr. Hess on January 7, 2019. Filing 113 at 16. Dr. Hess's letter was in response to a letter from Plaintiff's former counsel, Clark Hall. Filing 104-3 at 53–56. Hall's letter asked Dr. Hess to review photographs included with the letter and inquired if Dr. Hess could reasonably conclude, based on his evaluation and treatment of Plaintiff, that the August 9, 2015, accident caused Plaintiff's lower back injury. Filing 104-3 at 55. Dr. Hess responded to Hall's letter several months later once Dr. Hess received Plaintiff's records. Filing 104-3 at 53. The letter states that the records showed that Plaintiff was in two car accidents and that his pain started after the August 9, 2015, accident. Filing 104-3 at 53. Dr. Hess then wrote that, after reviewing the photographs provided by Hall and based upon his evaluation of Plaintiff, that he was of the opinion that the August 9, 2015, accident caused Plaintiff's lower back injury and necessitated the medical treatment Plaintiff received, including implantation of a spinal cord stimulator. Filing 104-3 at 53–54.

---

[4] The boilerplate sentence following each disclosure that the non-retained expert will provide testimony "justifying [his or her] bills for [his or her] treatment and services and other related treatment and services [he or she] provided and recommended" is utterly inadequate to be considered a disclosure of an expert opinion. Neither the Court nor Defendant can divine if this sentence means that the non-expert witness will testify as to causation, the necessity of the treatment, the reasonableness of the charges for his or her services, or offer any expert opinion whatsoever. *See Seeley*, 2018 WL 4275375, at *4 (stating that Rule 26(a)(2)(C) disclosures must "obviate the danger of unfair surprise regarding the . . . opinion testimony of the non-retained expert").

If the disclosure of the causation opinion from Dr. Hess only needed to comply with Rule 26(a)(2)(C), the Court would find Plaintiff's disclosure sufficient. The issue for Plaintiff, however, is that Dr. Hess's letter demonstrates that his causation opinion was not formed during his treatment of Plaintiff. Instead, his causation opinion came in response to a letter from Plaintiff's former counsel and after he received Plaintiff's records and photographs. The Eighth Circuit Court of Appeals has explained that the more stringent disclosure requirements under Rule 26(a)(2)(B) apply "[i]f a treating physician will testify about matters *outside the realm of treatment* such as causation of a condition."[5] *Gruttemeyer*, 31 F.4th at 644 (emphasis added). In the Court's prior order, it explained that if a treating physician formed an opinion about causation during treatment, then Plaintiff did not need to provide an expert report as required by Rule 26(a)(2)(B). This rule is in accordance with the appellate courts of several circuits as well as several district courts of this circuit. *See, e.g.*, *Morris v. Bland*, 666 F. App'x 233, 238–39 (4th Cir. 2016) ("Numerous courts have held that a physician is exempt from this written report requirement [under Rule 26(a)(2)(B)] only as to opinions formed during the course of treatment."); *Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011) ("[W]e join those circuits that have addressed the issue and hold that a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment."); *Meyers v. Nat'l R.R. Passenger Corp. (Amtrak)*, 619 F.3d 729, 734–35 (7th Cir. 2010) ("[A] treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, but who did not make that determination in the course of providing treatment, should be deemed to be

---

[5] In *Gruttemeyer*, the Eighth Circuit Court of Appeals referenced an earlier case, *Brooks v. Union Pac. R.R. Co.*, in which the court upheld exclusion of a treating physician's causation opinion when the plaintiff failed to provide an expert report for the physician to the defendant. *See Brooks v. Union Pac. R. Co.*, 620 F.3d 896, 899–900 (8th Cir. 2010). Therefore, *Gruttemeyer's* statement that "disclosure requirements are triggered" when a treating physician testifies on matters beyond the scope of his or her treatment refers to disclosure requirements under Rule 26(a)(2)(B).

one 'retained or specially employed to provide expert testimony in the case,' and thus is required to submit an expert report in accordance with Rule 26(a)(2)."); *Washam v. BNSF Ry. Co.*, No. 3:19-CV-00231 KGB, 2020 WL 5880133, at *15 (E.D. Ark. Oct. 2, 2020) ("[I]f the treating doctor forms an opinion about causation at the time of treatment, rather than at the request of counsel in anticipation of litigation, expert reports need not satisfy Rule 26(a)(2)[(B)]." (quoting *Montes v. Union Pac. R. Co.*, No. 8:09CV226, 2011 WL 1343200, at *4 (D. Neb. Apr. 8, 2011))).

Unfortunately for Plaintiff, Dr. Hess's letter shows that he formed his causation opinion at the request of Plaintiff's former counsel and nothing in the record suggests that Dr. Hess determined the cause of Plaintiff's injuries during treatment. *See Meyers*, 619 F.3d at 735 (noting that the treating physicians prepared letters with causation opinions "at the request of [the plaintiff's] attorney" and observing that the plaintiff presented no evidence "suggesting that either doctor previously considered or determined the cause of [the plaintiff's] injuries during the course of treatment"). Because Dr. Hess formed his opinion outside the course of treatment, Plaintiff needed to disclose an expert report under Rule 26(a)(2)(B) to Defendant. However, Plaintiff never disclosed an expert report and Dr. Hess's letter is insufficient to satisfy Rule 26(a)(2)(B)'s requirements. *See* Fed. R. Civ. P. 26(a)(2)(B).

Nearly all of Plaintiff's disclosures fail to divulge the opinion testimony of the non-retained experts. Moreover, Dr. Hess's opinion was not formed during the course of treatment, and, therefore, Plaintiff failed to provide an expert report as required by Rule 26(a)(2)(B). Accordingly, the Court finds that Plaintiff's disclosures violate Rule 26(a)(2).

2. *Rule 37(c)*

Having concluded that Plaintiff's disclosures violate Rule 26(a)(2), the Court turns to the appropriate remedy. Plaintiff's failure to provide a proper disclosure brings him within the ambit

of Federal Rule of Civil Procedure 37. *See Vanderberg*, 906 F.3d at 702 (noting that Rule 37 "give[s] teeth" to Rule 26). When a party fails to provide a sufficient disclosure under Rule 26(a), "[T]he party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In determining how to remedy a party's insufficient disclosure of an expert, a court should consider, among other things, "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Gruttemeyer*, 31 F.4th at 645 (quoting *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008)).

Plaintiff has not even tried to provide a good reason for his noncompliance, and the Court cannot think of a way his failure to disclose his expert witnesses was substantially justified. Indeed, Plaintiff failed to disclose his experts properly after the Court thoroughly outlined the requirements of Rule 26(a)(2) in its prior Order and gave Plaintiff fourteen days to comply. Moreover, the Court concludes that Plaintiff's failure was not harmless. The fact that Defendant cannot discern what opinions relevant to this case these treating physicians plan to offer frustrates Defendant's ability to defend at trial. Thus, these inadequate disclosures fail to obviate the danger of unfair surprise that would surely result at trial.

Furthermore, at this late stage, allowing Plaintiff a third attempt to disclose his experts would only further delay this case. *See Doubletap Defense, LLC, v. Hornady Manufacturing Co.*, No. 8:18CV492, 2021 WL 3631135, at *10 (D. Neb. Aug. 17, 2021) (finding that the plaintiff's failure to timely disclose an expert report was not harmless because, among other reasons, it would cause further delay to the trial). In fact, the Court has already been forced to push back trial from September 13, 2022, to December 13, 2022, because of Plaintiff's initial noncompliance. Finally,

permitting all seventeen of the non-retained experts to testify at trial anyway, when the Court cannot discern whether they have any relevant opinions to offer, would detrimentally affect the order and efficiency of trial.

Plaintiff has provided no excuse for his failure to disclose his experts in accordance with Rule 26(a)(2). Moreover, his noncompliance is not harmless. Accordingly, the Court concludes that exclusion of the expert testimony of the non-retained experts is warranted under Rule 37(c).

Defendant has requested that the Court exclude Plaintiff's non-retained experts from testifying about causation of Plaintiff's injuries and the necessity of Plaintiff's treatment or the expenses incurred. Filing 120 at 3. The Court grants that request[6] and will exclude any expert opinion about causation or the necessity of treatment and expenses from the following experts: Dr. Lawrence E. Nelson, Dr. Adam H. Krause, Dr. Samuel K. Cemaj, Dr. Melissa Herrman, Dr. Emmanuel Martinez, Gwen Petersen, Ann Stites, Dr. Douglas D. Frye, Tracie Nolan, Dr. Chia Hsun Tsai, Dr. David P. Fritz, Dr. Harold Hess, Dr. Stacey A. Carter, Dr. Marvin Faulkner, Dr. Adam J. Madl, Dr. Ashraf Alhafez, and Dr. Michael Tablang. None of Plaintiff's non-retained experts will be permitted to offer these expert opinions, including an opinion about the causation of Plaintiff's injuries,[7] at trial.

3. *Medical Bills*

Based on the Court's decision to exclude the expert opinions of Plaintiff's non-retained experts, the Court is compelled to make a further finding as to the admissibility of Plaintiff's medical bills. Under Nebraska Law, all medical expenses require expert testimony stating that they are fair and reasonable. *See Putnam v. Scherbring*, 902 N.W.2d 140, 144 (Neb. 2017) ("Because

---

[6] In her Brief supporting her Motion, Defendant states that the non-retained experts may testify as fact witnesses regarding treatments. While that might be the case, the Court makes no determination at this time whether any testimony from the non-retained experts is admissible under the Federal Rules of Evidence.

[7] The Court reiterates that Dr. Barna's causation opinion is excluded pursuant to its May 27, 2022, Order.

the parties did not stipulate before trial to the fairness and reasonableness of the medical bills, [the plaintiff] needed to present expert testimony to lay this foundation."). Otherwise, the medical bills lack foundation and are inadmissible. *See id.* In the present case, the Court has excluded any expert testimony related to the fairness and reasonableness of Plaintiff's medical expenses. Therefore, the medical bills from these non-retained experts are inadmissible for lack of foundation.

Moreover, even if Plaintiff had expert testimony for the reasonableness and fairness of his medical expenses, the Court notes that Plaintiff lacks any expert testimony that Defendant's alleged negligence caused the medical expenses. Under Nebraska law, when the "alleged injury is subjective rather than objective, a plaintiff must establish the cause and extent of the injury through expert medical testimony." *Lewison v. Renner*, 905 N.W.2d 540, 548 (Neb. 2018). When a plaintiff fails to present expert testimony about the cause of a subjective injury, then a plaintiff's medical bills lack probative value and should be excluded. *See McDonald v. Miller*, 518 N.W.2d 80, 87 (Neb. 1994) (noting that, even if parties stipulated to the reasonableness and fairness of medical expenses, without expert testimony for causation the medical bills were irrelevant). In this case, Plaintiff's list of medical ailments includes post-traumatic stress disorder, multiple sclerosis, neck pain, and back pain. These are subjective, not objective, injuries, and therefore require expert testimony to establish causation. *See Miller v. Union Pac. R.R. Co.*, 526 F. Supp. 3d 494, 509 (D. Neb. 2021) (explaining that objective injuries are ones where the causal connection is "clearly apparent from the injury itself and the circumstances surrounding it," while subjective injuries "are of such a character as to require skilled and professional persons to determine the cause and extent thereof" (quoting *Eiting v. Godding*, 214 N.W.2d 241 (Neb. 1974))); *see also Doe v. Zedek*, 587 N.W.2d 885, 891 (Neb. 1999) (noting that expert testimony is necessary for subjective injuries because they "may be inferred only from their symptoms"). Because Plaintiff has no expert

testimony to show that Defendant's alleged negligence caused his injuries, the medical bills from the non-retained experts lack probative value and must be excluded. *See Renne v. Moser*, 490 N.W.2d 193, 200 (Neb. 1992) (holding that, because there was no evidence showing that a car accident caused the medical expenses, the trial court properly excluded the list of itemized medical expenses). Accordingly, any medical bills for the treatment provided by the non-retained experts are excluded.

## IV. CONCLUSION

Plaintiff has failed to properly disclose his non-retained experts under Rule 26(a)(2), and therefore their expert testimony shall be excluded under Rule 37(c). Moreover, the medical bills from Plaintiff's experts are inadmissible and are therefore excluded. Accordingly,

IT IS ORDERED that Defendant's Supplemental Motion in Limine, Filing 120, is granted.

Dated this 4th day of August, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge