IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| J.T. JOHNSON, JR., Individually,<br><br>            Plaintiff,<br><br>vs.<br><br>JENNA R. FRIESEN,<br><br>            Defendant. | 8:19-CV-322<br><br>**MEMORANDUM AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND MOTION FOR RECONSIDERATION** |

## I.    INTRODUCTION

Plaintiff, J.T. Johnson, Jr., has sued Defendant, Jenna R. Friesen, for purported injuries sustained when Defendant Friesen's vehicle collided with Plaintiff's vehicle in Omaha, Nebraska. Filing 1 at 1–5. The parties have filed cross-motions for summary judgment. Filing 140; Filing 143. Plaintiff has also filed a Motion for Reconsideration asking the Court to revisit its August 4, 2022, Order in which the Court granted Defendant's Supplemental Motion in Limine and excluded all expert testimony from Plaintiff's non-retained experts and all of Plaintiff's medical bills. Filing 143. For the reasons stated herein, the Court grants Defendant's Motion for Summary Judgment and denies Plaintiff's Cross Motion for Summary Judgment and Motion for Reconsideration.

## II.    PROCEDURAL BACKGROUND

The underlying facts giving rise to this suit are largely irrelevant to the current issues before the Court, which relate solely to whether the Court properly excluded the expert testimony of Plaintiff's treating physicians and Plaintiff's medical bills and, if so, whether those exclusions necessarily warrant summary judgment in Defendant's favor. Thus, the pertinent background in this case begins on March 4, 2022, with Defendant's Motion in Limine. Filing 101. In her March 4, 2022, Motion in Limine, Defendant requested that the Court exclude the causation opinion by

1

Plaintiff's retained expert Dr. Steven Barna under Federal Rule of Evidence 702 and the expert testimony of Plaintiff's eighteen treating physicians under Federal Rule of Civil Procedure 26(a)(2)(C). Filing 101. In a May 27, 2022, Order, the Court granted in part and denied in part Defendant's Motion in Limine. Filing 109. The Court agreed with Defendant that Dr. Barna's causation opinion was inadmissible because his report provided no basis that it resulted from "reliable principles and methods" as required by Rule 702(c) of the Federal Rules of Evidence. Filing 109 at 4-6; Fed. R. Evid. 702(c). The Court further concluded that Plaintiff had failed to properly disclose the expert opinions of his treating physicians, whom Plaintiff designated as non-retained experts, as required by Federal Rule of Civil Procedure 26(a)(2)(C). Filing 109 at 10–13. Nevertheless, despite Federal Rule of Civil Procedure 37 authorizing exclusion of the treating physicians' expert testimony, the Court granted Plaintiff two weeks to cure his defective disclosures, relief the Court was under no obligation to give.[1] Filing 109 at 11–12. The Court stated that Defendant could renew her request to exclude the treating physicians' expert testimony if Plaintiff failed to make proper disclosures.

On June 10, 2022, Plaintiff provided expert disclosures for his non-retained experts pursuant to the Court's May 27, 2022, Order. Filing 113. Soon thereafter, Defendant filed a Supplemental Motion in Limine, seeking to exclude or limit Plaintiff's non-retained expert witness testimony. Filing 120. The Court ruled on Defendant's Supplemental Motion in Limine on August 4, 2022. In the Order, the Court found that Plaintiff had again failed to comply with the strictures of Rule 26(a). Filing 133 at 4–11. Specifically, all but one of the disclosures simply divulged that

---

[1] In *Petrone v. Werner Enterprises, Inc*., the Eighth Circuit Court of Appeals reversed a district court that relied upon Rule 37(c)(1) to modify the expert disclosure deadlines without the required good cause showing under Rule 16 to allow the plaintiffs to file a new expert report. *See* 940 F.3d 425, 434–35 (8th Cir. 2019). The current case is somewhat different, in that Plaintiff has supplemented his disclosures rather than filed entirely new ones, yet *Petrone* suggests the Court would have been justified under applicable law to exclude Plaintiff's experts' testimony in the first instance without affording Plaintiff the opportunity to try to cure his defective disclosures.

the non-retained experts would present "factual" rather than "opinion" testimony. Therefore, the disclosures did not provide "the subject matter summary on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" or a summary of the opinions to which the witnesses will testify. Filing 133 at 8–9 (citing Fed. R. Civ. P. 26(a)(2)(C)(i)–(ii)). The only disclosure that did appear to disclose an expert opinion—the one for Dr. Harold Hess—was defective for another reason. The Court concluded that, based on the record before it, Dr. Hess formed his opinion at the request of Plaintiff's former counsel. Filing 133 at 10–11. Thus, Plaintiff needed to provide an expert report under Rule 26(a)(2)(B) to Defendant explaining the basis for Dr. Hess's opinion. Filing 133 at 11. Because he neglected to do so, Plaintiff had not complied with Rule 26(a). Filing 133 at 11.

The Court then turned to whether exclusion under Federal Rule of Civil Procedure 37 was warranted and easily concluded that the answer was yes. Filing 133 at 12. Moving proactively, the Court then turned to whether Plaintiff's dearth of expert opinions rendered his medical bills inadmissible. Filing 133 at 13–14. The Court found that, without any expert opinion about the fairness, reasonableness, or cause of the medical expenses, all of Plaintiff's medical bills had to be excluded for lack of foundation and probative value. Filing 133 at 14–15.

After the Court issued its Order on August 4, 2022, excluding the expert testimony of Plaintiff's non-retained experts and Plaintiff's medical bills, Defendant expeditiously sought leave to file a motion for summary judgment that same day, which the Court granted. Filing 139. Defendant thereafter filed her Motion for Summary Judgment on August 22, 2022. Filing 140. In response, Plaintiff filed a Motion for Reconsideration on September 6, 2022, asking the Court to revisit its decision in its August 4, 2022, Order. Filing 143. Embedded within Plaintiff's filing for

its Motion for Reconsideration is Plaintiff's Cross Motion for Summary Judgment, which Plaintiff filed without leave of Court. Filing 143.

### III. ANALYSIS

#### A. Motion for Reconsideration

The Court first reviews Plaintiff's Motion for Reconsideration. Plaintiff's Motion askes the Court to revisit its August 4, 2022, Order excluding his experts. The Court finds Plaintiff's Motion for Reconsideration to be improper and denies it.

The Eighth Circuit Court of Appeals has held that "district courts can reconsider earlier rulings 'to avoid later reversal.'" *Ayala v. CyberPower Sys. (USA), Inc.*, 891 F.3d 1074, 1077 n. 2 (8th Cir. 2018) (quoting *Lovett v. Gen. Motors Corp.*, 975 F.2d 518, 522 (8th Cir. 1992)); *see also K.C.1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007) ("The district court has the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." (quoting *Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co.*, 48 F.3d 1066, 1070 (8th Cir. 1995))). Although no Federal Rule of Civil Procedure expressly permits motions for reconsideration, these motions are typically construed as falling under Rule 59(e), which governs motions to alter or amend judgment, or Rule 60(b), which governs motions for relief from a judgment or an order. *See Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 997 (8th Cir. 2017). In this case, Plaintiff has moved for reconsideration under Rule 60(b).

Federal Rule of Civil Procedure 60(b) delineates several grounds on which a party may be relieved from a non-final order: mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; voidness; satisfaction of judgment; or "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). "Rule 60(b) 'provides for extraordinary relief which may be granted only

upon an adequate showing of exceptional circumstances.'" *Williams*, 891 F.3d at 706 (quoting *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008)).

Before addressing Plaintiff's motion for Reconsideration, the Court first emphasizes the narrow scope of such a motion. *See Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 922 (8th Cir. 2015) (remarking on the narrow scope of motions for reconsideration). The limited function of a motion for reconsideration is to "correct manifest errors of law or fact or to present *newly discovered* evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (emphasis added) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). It is improper to use a motion for reconsideration "to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." *SPV-LS, LLC v. Transamerica Life Ins. Co.*, 912 F.3d 1106, 1111 (8th Cir. 2019) (quoting *Julianello*, 791 F.3d at 923). A motion for reconsideration may not "introduce evidence that the movant could have produced before the district court decided the prior motion." *Id.* (quoting *Julianello*, 791 F.3d at 922). Thus, when a motion for reconsideration only seeks to offer evidence that could have been provided during the pendency of an earlier motion, a district court does not abuse its discretion in denying a motion for reconsideration on that basis. *See id.*

In his Motion for Reconsideration, Plaintiff requests that the Court revisit its decision to exclude the expert testimony of Dr. Hess. Filing 143-1 at 4–11. Plaintiff seeks to use Dr. Hess's expert opinion that, within a reasonable degree of medical certainty, the August 9, 2015, accident caused Plaintiff's injuries. Filing 143-1 at 10. Although Plaintiff did not file an expert report for Dr. Hess as required by Federal Rule of Civil Procedure 26(a)(2)(B), Plaintiff contends that Dr. Hess formed his opinion while providing treatment to Plaintiff. Filing 143-1 at 11. Therefore, Plaintiff reasons, Dr. Hess was not retained to offer his causation opinion and a disclosure of his

5

expert testimony need only comply with Rule 26(a)(2)(C), which governs disclosures for non-retained experts. Filing 143-1 at 11. In support, Plaintiff offers several of his medical records and an affidavit from Dr. Hess, in which Dr. Hess avers that during his examinations of Plaintiff in November and December of 2016 he determined that Plaintiff's lower back pain started with and was caused by the August 9, 2015, accident. Filing 143-9 at 2.

The Court reviewed Plaintiff's supplemental disclosure for Dr. Hess in its August 4, 2022, Order. Filing 133 at 9–11. Dr. Hess's disclosure stated that he would testify that Plaintiff "suffered an injury to his low back as a result of the motor vehicle accident of August 9, 2015, and that the accident of August 9, 2015, necessitated installation of the pain stimulator." Filing 113 at 16. The disclosure then referenced a letter authored by Dr. Hess on January 7, 2019. Filing 113 at 16. Dr. Hess's letter was in response to a letter from Plaintiff's former counsel, Clark Hall, which asked Dr. Hess to review photographs and inquired if Dr. Hess could conclude, based on his evaluation and treatment of Plaintiff, that the August 9, 2015, accident caused Plaintiff's lower back injury. Filing 104-3 at 55. Dr. Hess responded several months later after Dr. Hess received Plaintiff's records. Filing 104-3 at 53. Dr. Hess opined that, after reviewing Plaintiff's records and the photographs provided by Hall and through his evaluation of Plaintiff, the August 9, 2015, accident caused Plaintiff's lower back injury and necessitated Plaintiff's medical treatment. Filing 104-3 at 53–54.

In its prior Order, the Court noted that the disclosure for Dr. Hess may be sufficient under Rule 26(a)(2)(C) if those requirements applied. Filing 133 at 10. Unfortunately for Plaintiff, the letter showed that Dr. Hess formed his causation opinion in response to a letter from Plaintiff's former counsel and after he received and reviewed Plaintiff's records and photographs. Filing 133 at 10. Because his opinion was "outside the realm of treatment," *Gruttemeyer v. Transit Auth.*, 31

F.4th 638, 644 (8th Cir. 2022), Plaintiff needed to provide Defendant with an expert report under Rule 26(a)(2)(B). Filing 133 at 11. Because Plaintiff failed to do so, the Court concluded that Dr. Hess's disclosure failed to comply with Rule 26 and excluded his testimony under Rule 37(c). Filing 133 at 11–13.

Plaintiff's Motion for Reconsideration does not argue that the Court misconstrued Dr. Hess's January 7, 2019, letter based on the information the Court had before it at the time it issued its prior Order. Rather, Plaintiff asserts that the Court's analysis of that letter was flawed because it reviewed the letter without the benefit of several of Plaintiff's medical records and the affidavit from Dr. Hess. When read in light of the medical records and Dr. Hess's affidavit, Plaintiff argues, the letter was simply a reaffirmance of Dr. Hess's opinion that he formed during treatment. In other words, Plaintiff is offering evidence he could have offered before the Court issued its prior Order to support vacating that Order. As previously noted, this is an impermissible use of a motion for reconsideration. *See Julianello*, 791 F.3d at 922-23 (upholding a district court's dismissal of the plaintiffs' complaint and the denial of the plaintiffs' motion to reconsider the scope of the leave to amend that complaint when all the evidence plaintiffs offered in support of their motion for reconsideration was available to them during the pendency of the defendant's motion to dismiss).

Plaintiff could have provided the medical records and Dr. Hess's affidavit in opposition to Defendant's supplemental motion in limine. Although Dr. Hess's affidavit is dated September 1, 2022, which is after the Court issued its August 4 Order excluding Dr. Hess's expert testimony, there is nothing in the record indicating that Plaintiff could not have procured this affidavit prior to the Court's Order. Because all the evidence Plaintiff offers to support reconsideration of the

Court's prior Order could have been offered before the Court issued that Order, the Court denies Plaintiff's Motion for Reconsideration.[2]

### B. Cross Motions for Summary Judgment

Having disposed of Plaintiff's Motion for Reconsideration, the Court turns to the cross motions for summary judgment. The Court first concludes that Plaintiff's Cross Motion for Summary Judgment is improper because he never sought the Court's leave before filing it. The Court then determines that Defendant is entitled to summary judgment because Plaintiff has no evidence that the August 9, 2015, accident, caused his various medical ailments. Therefore, the Court denies Plaintiff's Cross Motion, grants Defendant's Motion, and will enter judgment in favor of Defendant.

Under Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. (a). "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Rusness v. Becker Cnty.*, 31 F.4th 606, 614 (8th Cir. 2022) (quoting *Doe*

---

[2] Despite the impropriety of Plaintiff's Motion for Reconsideration, in the interests of completeness the Court has reviewed the merits of Plaintiff's Motion and concludes that Plaintiff fails to support his argument that Dr. Hess arrived at his opinions during Plaintiff's treatment. Plaintiff cannot overcome the fact that his supplemental disclosures directed the Court to Dr. Hess's January 7, 2019, letter, which clearly showed that Dr. Hess formulated his opinion at the request of Plaintiff's former counsel and after reviewing photographs provided by Plaintiff's former counsel and Plaintiff's records. Moreover, none of the medical records nor Dr. Hess's affidavit reveal that Dr. Hess reached his causation opinion during treatment, nor do they show or explain how he would have even made such a conclusion during treatment. Dr. Hess's averment that he determined the cause of Plaintiff's injury during his examinations without pointing to specific facts or explaining why this is true is conclusory and thus insufficient to alter the Court's previous determination. *Cf. Keiran v. Home Cap., Inc.*, 858 F.3d 1127, 1132 (8th Cir. 2017) (holding that "a conclusory, self-serving affidavit will not defeat an otherwise meritorious summary judgment motion"). As Defendant points out, none of the medical records contain this causation opinion or even hint that Dr. Hess's evaluations of Plaintiff involved reaching such an opinion. *See Meyers v. Nat'l R.R. Passenger Corp (Amtrak)*, 619 F.3d 729, 735 (7th Cir. 2010) (noting that there was no evidence "suggesting that [the doctors] previously considered or determine the cause of [the plaintiff's] injuries during the course of treatment"). Thus, Plaintiff's Motion for Reconsideration fails to alter the Court's conclusion that he needed to provide an expert report for Dr. Hess as required by Federal Rule of Civil Procedure 26(a)(2)(B).

*v. Dardanelle Sch. Dist.*, 928 F.3d 722, 725 (8th Cir. 2019), in turn quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The moving party bears the burden of showing the absence of a genuine dispute." *Glover v. Bostrom*, 31 F.4th 601, 603 (8th Cir.) (citing Fed. R. Civ. P. 56(a)), *reh'g denied*, No. 20-2884, 2022 WL 1564097 (8th Cir. May 18, 2022). The party opposing summary judgment must "cit[e] particular materials in the record" or show that the "materials cited do not establish the ... absence of a genuine dispute." Fed. R. Civ. P. 56(c)(1). On a motion for summary judgment, "a district court should 'not weigh the evidence, make credibility determinations, or attempt to discern the truth of any factual issue.'" *Avenoso v. Reliance Standard Life Ins. Co.*, 19 F.4th 1020, 1024 (8th Cir. 2021) (quoting *Great Plains Real Est. Dev., L.L.C. v. Union Cent. Life Ins.*, 536 F.3d 939, 943-44 (8th Cir. 2008)). Instead, the court must view the evidence in the light most favorable to the non-moving party and afford that party all reasonable inferences supported by the evidence. *Grinnell Mut. Reinsurance Co. v. Dingmann Bros. Constr. of Richmond, Inc.*, 34 F.4th 649, 652 (8th Cir. 2022); *Pearson v. Logan Univ.*, 937 F.3d 1119, 1124 (8th Cir. 2019). "The Supreme Court's 'repeated' admonition is that 'the plaintiff, to survive the defendant's [summary judgment] motion, need only present evidence from which a jury might return a verdict in his favor.'" *Doe by next friend Rothert v. Chapman*, 30 F.4th 766, 772 (8th Cir. 2022) (quoting *Anderson*, 477 U.S. at 257).

    1. *Plaintiff's Cross Motion for Summary Judgment*

Embedded within Plaintiff's filing for his Motion for Reconsideration is a Cross Motion for Summary Judgment. Filing 143 at 1. The Court denies Plaintiff's Cross Motion.

Under Federal Rule of Civil Procedure 56(b), a summary judgment motion may be filed any time until 30 days after the close of all discovery "[u]nless . . . the court orders otherwise." Fed. R. Civ. P. 56(b). On February 11, 2021, the Court filed a Third Amended Progression Order,

9

which set a deadline of April 29, 2021, for filing motions for summary judgment. Filing 49 at 2. That date long since passed before Plaintiff filed his Cross Motion for Summary Judgment on September 6, 2022. See Filing 143. Unlike Defendant, who sought the Court's leave before filing her Motion for Summary Judgment, Plaintiff did not.

"[T]he district courts have broad discretion to manage their dockets and address particular circumstances . . . by setting enforceable time limits." Huggins v. FedEx Ground Package Sys., Inc., 592 F.3d 853, 856 (8th Cir. 2010). Accordingly, the Court denies Plaintiff's Cross Motion for Summary Judgment because it is untimely and Plaintiff never sought leave before filing it. See id. at 855–57 (affirming district court's denial of an untimely motion to supplement a response to a summary judgment motion).

2. *Defendant's Motion for Summary Judgment*

Resolving Plaintiff's Motions leads this Court at last to Defendant's Motion for Summary Judgment. Defendant's Motion for Summary Judgment straightforwardly argues that "Plaintiff is entirely unable to prove his case because he has no expert testimony to support the essential element of causation of damages, and time has run out to name any other expert." Filing 141 at 7. Plaintiff's response rests entirely on the Court permitting Dr. Hess to testify as to causation. Filing 143 at 11–12. Plaintiff has not presented any evidence to prove that the August 9, 2015, accident caused his injuries, nor has he come forth with proof of other damages. Therefore, Court grants Defendant's summary judgment motion.

Under Nebraska law, a plaintiff must prove the following elements in an automobile negligence action: "(1) that the defendant was negligent in one or more of the ways alleged, (2) that this negligence was a proximate cause of the collision, (3) that the collision was a proximate cause of some damage to the plaintiff, and (4) the nature and extent of that damage." Lewison v.

*Renner*, 905 N.W.2d 540, 548 (Neb. 2018). The plaintiff must come forth with evidence that the defendant's negligence "was the proximate cause of the injury alleged." *Eiting v. Godding*, 214 N.W.2d 241, 243 (Neb. 1974).

"When the character of an alleged injury is subjective rather than objective, a plaintiff must establish the cause and extent of the injury through expert medical testimony." *Lewison*, 905 N.W.2d at 548. In contrast to objective injuries, in which the causal connection to the injury "does not require special technical knowledge or science," *Storjohn v. Fay*, 519 N.W.2d 521, 527 (Neb. 1994), subjective injuries are those that "are of such a character as to require skilled and professional persons to determine the cause and extent thereof." *Eiting*, 214 N.W.2d at 244; *see also Turek v. Saint Elizabeth Cmty. Health Ctr.*, 488 N.W.2d 567, 573 (Neb. 1992) ("Where physical injury . . . is not obvious to laymen, its existence may not be demonstrated solely by complaints of the alleged victim, but must also be substantiated by expert medical testimony."). To establish causation for subjective injuries, "[e]xpert testimony is necessary because subjective injuries may be inferred only from their symptoms." *Doe v. Zedek*, 587 N.W.2d 885, 891 (Neb. 1999). Additionally, under Nebraska law, all medical expenses require expert testimony stating that they are fair and reasonable. *See Putnam v. Scherbring*, 902 N.W.2d 140, 144 (Neb. 2017).

In the present case, Plaintiff's list of medical ailments includes post-traumatic stress disorder, multiple sclerosis, neck pain, and back pain. As the Court stated in its prior Order, these are subjective injuries that require expert testimony to establish causation. *See Lewison*, 905 N.W.2d at 548. The injuries are the type that "require skilled and professional persons to determine the cause and extent thereof." *Eiting*, 214 N.W.2d at 244. Because the Court has excluded any expert testimony on causation, Plaintiff lacks any evidence that the August 9, 2015, accident caused his medical ailments. In resisting Defendant's Motion for Summary Judgment, Plaintiff

11

must come forward with "specific facts creating a triable controversy." *Rusness*, 31 F.4th at 614 (quoting *McConnell v. Anixter, Inc*., 944 F.3d 985, 988 (8th Cir. 2019)). Plaintiff has no expert testimony on what caused his subjective injuries and has not come forth with any evidence establishing any other damages or that the Defendant purportedly caused any other damages. *See Paskert v. Kemna-ASA Auto Plaza, Inc.*, 950 F.3d 535, 540 (8th Cir. 2020) ("[T]he non-moving party is responsible for demonstrating any genuine dispute of material fact that would preclude summary judgment."). Nor has he argued that he has evidence of other damages that Defendant's purported negligence caused. *See Whittington v. Tyson Foods, Inc.*, 21 F.4th 997, 1002 n.4 (8th Cir. 2021) (holding that the plaintiff waived an argument he failed to raise in his brief opposing the defendant's summary judgment motion).

It is not anomalous for a court to grant judgment for the defendant after excluding all expert testimony related to causation. Courts in this district and Nebraska state courts have done so in the past. *See Peters v. Covenant Care Midwest, Inc.*, No. 8:08CV453, 2009 WL 3020140, at *7 (D. Neb. Sept. 21, 2009) (granting summary judgment after excluding a nurse from testifying about the cause of the plaintiff's injuries or death); *Marmo v. IBP, Inc.*, No. 8:00 CV 527, 2005 WL 675806, at *3 (D. Neb. Jan. 28, 2005) (granting partial summary judgment after excluding expert opinions about the causation of the plaintiffs' symptoms or injuries); *Jonas v. Willman*, 930 N.W.2d 60, 73–74 (Neb. Ct. App. 2019) (affirming directed verdict for the defendant when plaintiff's expert provided no testimony about the cause of the plaintiff's injuries). After a rush of motions and orders related to disclosure of experts, the Court concludes that this case is at an end. Accordingly, the Court grants Defendant's Motion for Summary Judgment.

## IV.   CONCLUSION

The Court declines to revisit its prior Order excluding Plaintiff's non-retained experts and, therefore, Plaintiff has no expert testimony on causation. Without evidence of causation, summary judgment in Defendant's favor is warranted. Accordingly,

IT IS ORDERED:

1. Defendant's Motion for Summary Judgment, Filing 140, is granted;

2. Plaintiff's Cross Motion for Summary Judgment, Filing 143, is denied;

3. Plaintiff's Motion for Reconsideration, Filing 143, is denied;

4. Plaintiff's Complaint, Filing 1, is dismissed with prejudice; and

5. The Court will enter a separate judgment.

Dated this 6th day of October, 2022.

BY THE COURT:

Brian C. Buescher
United States District Judge